■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN GAIRY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Ramirez, J.), rendered May 25, 1983, convicting him of robbery in the second degree (two counts), and grand larceny in third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Broomer, J.), after a hearing, of so much of defendant's omnibus motion as sought to suppress evidence.

Judgment affirmed.

We find unpersuasive defendant's contention that the pretrial lineup, from which he was identified by both the complainant and an eyewitness, was unduly suggestive. An examination of the lineup photograph leads us to agree with the hearing court's finding that, while two of the subjects appeared to be in their mid-twenties and three of the subjects appeared to be in their late teens or early twenties, defendant appeared older than his stated age of 17 and that the lineup therefore constituted a "fairly representative panel". Thus, we find that the age disparity in this case did not present a substantial risk of misidentification (see, United States v Wade, 388 US 218; People v Hazelton, 75 AD2d 694). Nor was the lineup so "likely to produce an unreliable result" as to warrant the suppression of testimony concerning the pretrial

identification *(People v Adams,* 53 NY2d 241, 251). As to the balance of defendant's contentions concerning the lineup, we decline to overturn the hearing court's conclusion that complainant did not recognize the other persons who were in the lineup. Since the hearing court's decision to credit the complainant's testimony was not clearly erroneous and is entitled to great weight on appeal, we see no reason to disturb its findings *(see, People v Prochilo,* 41 NY2d 759; *People v Armstead,* 98 AD2d 726). We further note in connection with this issue that a disinterested eyewitness also identified defendant from the same lineup.

Furthermore, we find that the People's late disclosure of *Brady* material in response to a general request was harmless error, for the strong evidence presented by the People compels the conclusion that an earlier disclosure would not have "create[d] a reasonable doubt [as to defendant's guilt] which did not otherwise exist" *(People v Smith,* 63 NY2d 41, 67, *cert denied* — US —, 105 S Ct 1226; *see, United States v Agurs,* 427 US 97). Indeed, the evidence overwhelmingly supported defendant's conviction. Defendant was positively identified by the complainant, a trained observer who had viewed his assailant for several minutes at close range under well-lighted conditions during the robbery and who afterward gave an accurate physical description of defendant. Additionally, an eyewitness to the crime also identified defendant as the robber. This eyewitness had previously met defendant through a mutual acquaintance and had seen him some 75 times within the six-month period preceding the crime. Moreover, he identified the robber as a person known to him as "Bullet", and defendant readily admitted that this was his own nickname and that he and the eyewitness had previously met. Thus, an evaluation of the entire record reveals that an earlier disclosure of the *Brady* material in this case would have been insufficient to create a reasonable doubt as to defendant's guilt *(see, United States v Agurs, supra,* at p 112; *United States v Menghi,* 641 F2d 72, 75, *cert denied sub nom. Hilgert v United States,* 451 US 975).

Finally, we disagree with defendant's contention that the court erred in refusing to grant him youthful offender status. The decision of whether to grant youthful offender treatment lies within the sound discretion of the sentencing court *(see, People v Massa,* 93 AD2d 926; *People v Williams,* 78 AD2d 642). In view of defendant's background and the serious nature of the instant offense, we discern no abuse of that

discretion, nor do we consider the sentence imposed improper. Lazer, J. P., Gibbons, Eiber and Kunzeman, JJ., concur.