■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNIE HARDWICK, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered October 27, 1983, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Viewing the evidence in the light most favorable to the People, and bearing in mind that credibility is a matter to be determined by the trier of fact, the evidence was clearly sufficient to support the jury's verdict (see, People v Malizia, 62 NY2d 755, cert denied 469 US 932). It was rational in this case for the jury to credit the identification testimony of the complainant, to disbelieve the alibi defense presented by the defendant, and to conclude thereby that the defendant's guilt had been proven beyond a reasonable doubt (see, People v Jackson, 114 AD2d 858).

The defendant's claim that "inflammatory" and "abusive" comments made by the prosecutor constituted reversible error, has not been preserved for appellate review (see, People v George, 108 AD2d 870, 871), and in any event lacks merit. While some of the prosecutor's comments were somewhat strong, they were not so egregious or pervasive as to prejudice the defendant's case (see, People v Galloway, 54 NY2d 396, 401; People v Roopchand, 107 AD2d 35, 36, affd 65 NY2d 837).

The prosecutor's comments during summation concerning the failure of the defendant's alibi witness to come forward to the defense attorney prior to the first day of trial were proper. The defense attorney had initially elicited testimony concerning the witness's failure to contact him prior to the first day of trial and had made extensive comments trying to explain this failure during his summation. This plainly "opened the door" for the comments made by the prosecutor (see, People v Roseman, 78 AD2d 878, 881; People v Singletary, 54 AD2d 767).

The defendant's argument that his postarrest statement should have been suppressed because of the failure of the arresting officer to inquire as to whether the defendant had representation in any pending cases prior to taking the statement is also erroneous. In view of the defendant's failure to establish that he in fact had representation in any pending cases, or that the arresting officer had knowledge of these

pending cases, or that the police otherwise acted in bad faith, this claim is without adequate support (see, People v Rosa, 65 NY2d 380, 387; People v Bertolo, 65 NY2d 111, 121).

We have reviewed the defendant's other contentions and find them to lack merit. Mangano, J. P., Gibbons, Bracken and Spatt, JJ., concur.