■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY ACCOO, Also Known as WAYDELLE J. ACCOO, Appellant. —Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered April 8, 1983, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

There was a sufficient degree of resemblance between the defendant and the five other individuals who sat in the two lineups with him so as not to render likely the mistaken identification of the defendant as a result of undue suggestiveness *(see, People v Gairy,* 116 AD2d 733; *People v Scott,* 114 AD2d 915). Thus, the hearing court properly determined that the complainants' lineup and in-court identifications of the

defendant were admissible *(see, People v Gairy, supra; People v Scott, supra)*. In any event, the complainants' viewing of the perpetrator during the course of the burglary in their home provided an adequate independent basis for their in-court identifications of him in the instant case *(see, People v Pleasant,* 54 NY2d 972, 973, *cert denied* 455 US 924; *People v Washington,* 111 AD2d 418).

The jury could have reasonably credited the identification testimony given by the complainants, and disbelieved the alibi testimony given by the defense witnesses, and thereby have rationally concluded, based upon the totality of evidence, that the defendant was guilty of burglary in the second degree beyond a reasonable doubt *(see, People v Hardwick,* 122 AD2d 165). The evidence presented was therefore sufficient to support the guilty verdict *(see, People v Hardwick, supra)*.

The defendant's sentence was not unduly harsh or excessive, and appellate modification thereof is unwarranted *(see, People v Suitte,* 90 AD2d 80). Niehoff, J. P., Kunzeman, Kooper and Sullivan, JJ., concur.