■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERWIN JACKSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered April 18, 1985, convicting him of robbery in the first degree and criminal use of a firearm in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

We also find that the People did not violate the defendant's right to a speedy trial pursuant to CPL 30.30. It is undisputed that the felony complaint was filed on or about February 8, 1984. On October 26, 1984, at the commencement of a pretrial *Wade* hearing, the People announced their readiness for trial. On or about February 25, 1985, prior to the commencement of

jury selection, the defendant made a motion to dismiss the indictment for the approximately one-year delay in bringing him to trial *(see,* CPL 30.30 [1] [a]; 210.20 [1] [g]; 210.45). The court incorrectly calculated the excludable time up until October 26, 1984, instead of February 25, 1985 *(see, People v Anderson,* 66 NY2d 529). However, we determine that the People established that less than six months of pretrial delay was chargeable to them. At a minimum, 204 days were attributable to the defendant's demand for discovery and inspection, his omnibus motion, his requests for adjournments, and continuances granted by the court, at the request, or with the consent, of the defendant *(see,* CPL 30.30 [4] [a], [b]).

As to the defendant's contention that the pretrial lineup was unduly suggestive, we note that great weight must be accorded the determination of the hearing court, with its particular advantages of having seen and heard the witnesses *(People v Prochilo,* 41 NY2d 759, 761) and that its determination will not be disturbed where it is supported by the record *(People v Gee,* 104 AD2d 561). The record indicates that the lineup was not likely to produce an unreliable result and, therefore, did not violate the defendant's constitutional rights *(see, United States v Wade,* 388 US 218; *People v Gairy,* 116 AD2d 733).

In addition, we find no support in the record to substantiate the defendant's claim that he was deprived of his constitutional right to the effective assistance of trial counsel *(see, People v Baldi,* 54 NY2d 137).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* briefs and find them to be without merit. Bracken, J. P., Brown, Weinstein and Rubin, JJ., concur.