■ ˙ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY CHALMERS, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered June 9, 1987, convicting him of rape in the first degree, sodomy in the first degree, robbery in the third degree, grand larceny in the second degree, and grand larceny in the third degree, upon a jury verdict, and attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the hearing court properly declined to suppress the complainant's identification testimony on the grounds that the photographic array and lineup procedures were unduly suggestive. Although two lineup procedures were employed by the police, we discern no undue suggestiveness in either procedure. As we have previously observed, "[t]he issue involved in ascertaining the validity of a lineup identification concerns 'undue suggestiveness' which is determined by considering the totality of the circumstances surrounding the lineup" (People v Rodriguez, 124 AD2d 611, 612; see also, People v Jackson, 145 AD2d 646; People v Phillips, 145 AD2d 656; People v Gairy, 116 AD2d 733). Significantly, there is no requirement that a defendant in a lineup be surrounded by individuals nearly identical in appearance (see, People v Wiley, 137 AD2d 735). So long as there is a sufficient degree of resemblance between the other individuals in the lineup and the defendant, the constitutional proscription against unduly suggestive identification procedures will be satisfied (see, People v Thompson, 143 AD2d 858; People v Accoo, 126 AD2d 730).

Upon our review of the lineup photographs, we find, contrary to the defendant's contentions, that the other individual fillers and the defendant were sufficiently similar in age, weight, build, hairstyle and skin tone (see, People v Phillips, supra). Additionally, the mere fact that the defendant was the only person wearing an "Hawaiian shirt" in the first lineup, did not serve to draw the viewer's attention to the defendant or to indicate that the police had made a particular selection (cf., People v Tedesco, 143 AD2d 155, 156). We note, further, that the hearing court's finding of an independent source is amply supported by the record, since the testimony adduced at the hearing established that the crime took place over a

period of at least 30 minutes, during which time the complainant was able to observe the defendant at close range *(see, e.g., People v Callace,* 143 AD2d 1027).

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). Brown, J. P., Kooper, Rubin and Harwood, JJ., concur.