■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES BROWN, Appellant.—Judgment, Supreme Court, New York County (Eugene Nardelli, J.), rendered October 14, 1987, convicting defendant, on his plea of guilty, of robbery in the first degree and criminal possession of a weapon in the third degree and sentencing him to concurrent, indeterminate terms of imprisonment of 10 to 20 years and 3½ to 7 years, respectively, unanimously affirmed.

Defendant's motion to suppress physical evidence was properly denied, inasmuch as the gunpoint seizure of defendant was supported by probable cause. Police officers investigating an area where a rash of robberies had recently occurred, at the same time of day the crimes had been committed, observed defendant, who matched a "profile" of the suspect, for approximately one-half hour entering and exiting the lobbies of three buildings. As defendant was conducting himself in a suspicious manner, in the area the robberies had previously occurred, at the same time of day, and as he matched a reasonably detailed description of the suspect it was more probable than not that defendant was the perpetrator *(People v Carrasquillo,* 54 NY2d 248).

Defendant's motion to suppress identification testimony was properly denied. Defendant and the five stand-ins shared the same general appearance. At the hearing defendant testified that three of the stand-ins were wearing police uniform pants, but we give no weight to that evidence. Absence of any objection by counsel at the lineup and the testimony by him at the hearing indicates the absence of merit to defendant's challenge to the lineup procedure. Accordingly we decline to disturb the hearing court's determination of the facts. *(People v Falciglia,* 153 AD2d 795, *affd* 75 NY2d 935.)

We have considered defendants remaining contention and find it to be without merit. Concur—Murphy, P. J., Carro, Wallach, Kupferman and Asch, JJ.