■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD MOORE, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered December 21, 1989, upon a verdict convicting defendant of the crimes of sodomy in the first degree (two counts), sexual abuse in the first degree (two counts) and rape in the first degree (two counts).

At approximately 10:00 P.M. on January 28, 1989, while walking to a friend's house in the City of Binghamton, Broome County, a 19-year-old girl was enticed to accept a ride by two men whom she later identified at trial as defendant and Kevin Fuller. After refusing to engage in oral sex with defendant, the victim was threatened at knife point and compelled to engage in that activity as well as additional acts of sodomy and, eventually, sexual intercourse. Thereafter, as Fuller drove the car into Pennsylvania, defendant again forced the victim to engage in sexual intercourse with him before releasing her at an unidentified location on the road from where she walked to a gas station and accepted a ride to a friend's house, where she spent the night.

Thereafter, the victim contacted a representative from the pretrial release program supervising her on a pending petit larceny charge, who took her to the police. The victim gave a description of her attackers, the car and the knife. A search of defendant's home revealed a box labeled with a picture of a knife matching the victim's description.

Defendant was indicted and convicted after trial on two counts of sodomy in the first degree, two counts of sexual abuse in the first degree and two counts of rape in the first degree. The sentences imposed for the two counts of rape were consecutive to each other and to the terms of imprisonment for the two counts of sodomy and two counts of sexual abuse, all of which were to run consecutively to a sentence of 5 to 15 years' imprisonment that defendant received on his plea-bargained conviction of first degree rape for an unrelated 1986 incident. Defendant now appeals.

We affirm. Defendant's contention that the verdict was not supported by the weight of the evidence is meritless. Here, while the victim admitted that she voluntarily entered the car because Fuller looked familiar to her, she nevertheless testified to acts of rape, sodomy and sexual abuse by defendant. Further, a nurse confirmed bruises on the victim's body and laboratory tests found evidence of spermatozoa on the clothing she wore on January 28, 1989. Additionally, the victim described in detail a knife which matched a photograph on a knife box found in defendant's bedroom. Although defendant produced evidence questioning the victim's reputation for truthfulness, the issue of witness credibility was for the jury to determine (see, People v Davies, 145 AD2d 499, 500; People v Holmes, 59 AD2d 704). Viewing the evidence in a light most favorable to the prosecution (see, People v Contes, 60 NY2d 620, 621), we find that the weight of the evidence and the inferences logically drawn from the testimony adduced fully support the conviction (see, People v Tugwell, 114 AD2d 869; People v Smith, 104 AD2d 682).

Next, we reject defendant's argument that because the rape charged in count six of the indictment occurred within Pennsylvania, the forcible compulsion element thereof necessarily had to occur in that State and, therefore, New York lacked jurisdiction of that crime. New York has jurisdiction over any crime "defined by the laws of this state * * * when * * * [c]onduct occurred within this state sufficient to establish * * * [a]n element of such offense" (CPL 20.20 [1] [a]). Forcible compulsion is defined as "physical force" or "a threat, express or implied, which places a person in fear of immediate death or physical injury" (Penal Law § 130.00 [8] [a], [b]). Here, the victim stated that she was "really scared" and complied with defendant's demands only after being warned by Fuller that defendant "killed people". Further, the victim was threatened with a knife within the boundaries of this State and she testified that she was fearful she would die if she did not obey

defendant's demands. Clearly, defendant's conduct constituted forcible compulsion which commenced in this State and established a causal relationship between the New York behavior and the Pennsylvania rape *(see, People v Quackenbush,* 98 AD2d 875, 876).

Finally, since the convictions for sodomy in the first degree and sexual abuse in the first degree arose out of the same act of sexual assault, County Court correctly imposed concurrent sentences. Further, since the two acts of rape were separated by both time and location from the prior acts of sodomy and sexual abuse, they constituted separate and distinct crimes and cannot be considered as multiple prosecutions so as to raise the defense of double jeopardy. Accordingly, the court acted within its authority in imposing consecutive sentences for the two rape convictions. Considering the heinous nature of the crimes, we cannot say that County Court abused its discretion in imposing sentences within the statutory limits *(see,* Penal Law § 70.02).

Judgment affirmed. Mahoney, P. J., Weiss, Yesawich, Jr., Crew III, and Harvey, JJ., concur.