■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY FELTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered February 1, 1989, convicting him of assault in the second degree and theft of services, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of the crime of assault in the second degree beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

Contrary to the defendant's contention, the lineup procedures employed were not unduly suggestive since all of the participants therein bore a sufficient degree of resemblance to the defendant (see, People v Chalmers, 163 AD2d 528).

The defendant's remaining contention does not warrant reversal because the alleged error was harmless beyond a reasonable doubt in light of the overwhelming evidence of the defendant's guilt (see, People v Crimmins, 36 NY2d 230). Thompson, J. P., Eiber, Balletta and Ritter, JJ., concur.