∎ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY PETERSON, Appellant.—Judgment, Supreme Court, New York County (Robert Haft, J.), rendered December 13, 1989, convicting defendant after a jury trial of two counts of robbery in the second degree, and sentencing him to concurrent terms of imprisonment of 7½ to 15 years, unanimously affirmed.

Defendant was not denied effective assistance of counsel (People v Baldi, 54 NY2d 137). He was represented at trial by

an attorney employed by the Legal Aid Society. His codefendant, who was separately charged based on the same incident giving rise to the charges against defendant, was represented by a second Legal Aid Society attorney until the eve of defendant's trial. Defendant now urges that his trial counsel should have asked the court to delay his trial until the case against his codefendant was tried or dismissed, but we find no significant possibility that there existed such a conflict of interest that the conduct of the defense was affected (*People v Lombardo,* 61 NY2d 97, 103; *People v Macerola,* 47 NY2d 257, 264). Defendant's contention that his codefendant would have testified had his case been dismissed before defendant's case proceeded to trial is rebutted by the record. While the codefendant and defendant anticipated correctly that the charges against the codefendant were going to be dismissed, apparently due to the strength of the codefendant's alibi, the codefendant did not refuse to testify at defendant's trial because the charges had not yet been dismissed. He refused to testify because of his view that cross-examination would have an adverse effect on an unrelated matter. Further, contrary to defendant's claim on appeal, the codefendant's alibi defense was not antagonistic to his own. In any event, the appointment of new counsel to represent codefendant adequately addressed any questions of divided loyalty (*People v McDonald,* 68 NY2d 1, 9).

Defendant fails to show that the lineup was unfair. There is no requirement that the participants in a lineup be nearly identical in appearance (*People v Chipp,* 75 NY2d 327, 336, *cert denied* — US —, 111 S Ct 99). Defendant was somewhat younger than the others in the lineup, but has not demonstrated that his appearance, as distinguished from his age, served to highlight him (*see, People v Gonzalez,* 173 AD2d 48).

Lastly, we do not find the sentence imposed to be an abuse of discretion. Concur—Murphy, P. J., Carro, Milonas, Ellerin and Kupferman, JJ.