■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE VALDEZ, Appellant. [611 NYS2d 566] —Appeal by the defendant from three judgments of the Supreme Court, Richmond County (Kuffner, J.), all rendered June 1, 1992, convicting him of robbery in the first degree (two counts) and criminal mischief in the fourth degree under Indictment No. 215/90, robbery in the first degree and robbery in the second degree under Indictment No. 357/90, and robbery in the first degree under Indictment No. 450/90, upon jury verdicts, and imposing sentences. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which is to suppress identification testimony.

Ordered that the judgments are affirmed.

"The issue involved in ascertaining the validity of a lineup identification concerns 'undue suggestiveness' which is determined by considering the totality of the circumstances surrounding the lineup" *(People v Rodriguez,* 124 AD2d 611, 612). "There is no requirement * * * that a defendant in a lineup be surrounded by people nearly identical in appearance" *(People v Chipp,* 75 NY2d 327, 336, *cert denied* 498 US 833; *People v Chalmers,* 163 AD2d 528). As long as the other individuals in the lineup sufficiently resemble the defendant, the constitutional proscription against unduly suggestive identification procedures will be satisfied *(see, People v Chalmers, supra,* at 528).

Upon our review of the lineup photographs and the testimony adduced at the suppression hearing, we find that the hearing court properly denied the defendant's motion to suppress the lineup identifications of him by various witnesses *(see, People v Chalmers, supra).* The witnesses' attention was not drawn to the defendant by virtue of the fact that he was the only person in the lineup wearing shorts and unlaced sneakers. Mangano, P. J., Thompson, Joy and Friedmann, JJ., concur.