◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOISES FIGUEROA, Appellant. [611 NYS2d 526] —Judgment, Supreme Court, New York County (Richard D. Carruthers, J.), rendered March 21, 1990, convicting defendant, after jury trial, of murder in the second degree and escape in the first degree, and sentencing him to consecutive terms of 25 years to life and 2⅓ to 7 years, respectively, affirmed.

A review of the lineup photograph supports the hearing court's finding that while all of the fillers were older than defendant, and their weights and heights varied, defendant and the fillers, all seated during the lineup procedure, were of such reasonably similar appearance that there was no substantial likelihood that defendant would be singled out for identification *(People v Chipp,* 75 NY2d 327, 336).

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), defendant's guilt of the crimes charged was proven beyond a reasonable doubt *(People v Bleakley,* 69 NY2d 490). The jury's determinations of fact and credibility, not unreasonable, will not be disturbed by this Court *(People v Fonte,* 159 AD2d 346, *lv denied* 76 NY2d 734).

Defendant's claim of ineffective assistance of counsel is unsupported by any record that might have been developed had an appropriate after judgment motion been made pursuant to CPL 440.10 *(People v Love,* 57 NY2d 998, 1000). In any event, the available record indicates that trial counsel made appropriate pretrial and trial motions, thoroughly cross-examined the People's witnesses in an attempt to attack credibility and reliability, and presented several witnesses in an attempt to show reasonable doubt, thereby providing meaningful representation *(People v Baldi,* 54 NY2d 137). Defendant has failed to show that there was no reasonable trial strategy involved in the procedural decisions of trial counsel that he now questions *(see, People v Jones,* 55 NY2d 771, 773). Additionally, we note that the outcome of this case did not stand or fall on trial counsel's failure to formally move for dismissal at the close of the People's case *(see, People v Ferguson,* 114 AD2d 226, 230).

The prosecutor's summation comments constituted appropriate response to the defense summation *(People v Marks,* 6 NY2d 67, *cert denied* 362 US 912) and fair comment on the evidence, presented within the broad bounds of rhetorical comment permissible in closing argument *(People v Galloway,* 54 NY2d 396).

We perceive no abuse of discretion in sentencing, nor any ground for this Court to reduce the sentence in the interest of justice. Concur—Wallach, Asch, Nardelli and Williams, JJ.

Carro, J. P., dissents in part in a memorandum as follows: I agree with the judgment of my colleagues except insofar as they decline to reduce the defendant's sentence as a matter of discretion in the interest of justice (CPL 470.15 [2] [c]; [6] [b]).

The Legislature has provided a sentencing range upon conviction of murder in the second degree of terms from 15 years to life, to 25 years to life. Within the range of that 15 to 25 year base sentence, the sentencing Judge is to contour a minimum which is appropriate to the severity, under the circumstances of each particular case, of this always grave offense. This is a case where an 18 year old male, after being pushed by a group of men from a table he occupied with his friends in a nightclub, shot one of those men to death in answer for his conduct. Undeniably this was a tragic and senseless killing. If, however, the sentencing scheme authorized by the Legislature is to be instantiated with reason, it cannot mean that this young man, under these circumstances and without a prior criminal record, ought to receive the maximum sentence that could be imposed upon a conviction for the most depraved torture, mutilation and murder of a police officer, an elderly person or even a child in full view of its parents.

In consideration of the defendant's youth (see, People v Young, 113 AD2d 852, 854, lv denied 66 NY2d 924), and lack of prior convictions (see, People v Diaz, 118 AD2d 651, 652, lv denied 68 NY2d 769), I believe that we should reduce the defendant's sentence for murder to 20 years to life running concurrently, instead of consecutively, with his sentence of 2⅓ to 7 years for escape in the first degree. In my view that is where punishment appropriate to this case falls on the gradient established by our Legislature. Two maximum sentences running consecutively, imposed upon an 18 year old with no prior convictions, who was provoked by his victim, seems to me disproportionate in consideration of the range of possible sentences designed to punish the offender when his acts are accompanied by only aggravating circumstances, as opposed to those where mitigating circumstances are present.