OPINION OF THE COURT
Joseph J. Maltese, J.
This court holds that discovery by stipulation and court assignment of cases from a Calendar Trial Part to a Ready Trial Part are excludable time periods for the purposes of speedy trial pursuant to CPL 30.30.
The defendant was arraigned on charges of assault in the third degree (Penal Law § 120.00 [1]), resisting arrest (Penal Law § 205.30) and harassment in the second degree (Penal Law § 240.26 [1]). All of the above charges are class A misdemeanors except harassment, which is a violation. As a result, the People had 90 days from the arraignment on March 18, 1994 in which to be ready for trial (CPL 30.30 [1] [b]).
The defense moved to dismiss the complaint on the ground that the defendant has been denied his statutory right to compel the prosecutor to be ready for trial pursuant to CPL 30.30 (1).
ISSUES
The first issue was whether a 32-day adjournment for the purpose of proceeding with discovery by stipulation was chargeable to the People. The second issue was whether an adjournment for the purpose of assigning a case from one court part to another court part should be chargeable to the People.
1. DISCOVERY BY STIPULATION (DBS)
The case appeared in All Purpose Part 2 on April 15, 1994 at which time the People served a corroborating affidavit and answered ready. The case was adjourned until May 17, 1994 to proceed with discovery by stipulation.
"Discovery by Stipulation” (DBS) is a device created by the Kings County District Attorney’s Office and the Legal Aid Society, which is technically called a "Stipulation in Lieu of Pre-Trial Request for a Bill of Particulars; Motion for a Bill of Particulars; Demand to Produce; and Motion for Discovery.” *371 In addition to the Legal Aid Society, DBS is also used by other members of the defense Bar. In the stipulation the District Attorney waives the requirement that a request for a bill of particulars, a pretrial motion for a bill of particulars, the demand to produce, or any discovery motions be made in writing (see, CPL 255.20) and agrees to supply "all evidence required by CPL 240.20 [1] (h)” and Brady material within 15 days. The defendant, in return, waives the filing of a request for a bill of particulars, a pretrial motion for a bill of particulars, the demand to produce, and any discovery motions except as to "the ability of either party to bring, in writing, a motion to suppress pursuant to CPL 710 or a motion for any other relief not relating to discovery.” In short, DBS provides disclosure which exceeds that required by statute without utilizing statutory demand and motion practice (see, Kessler, An Alternate View of Pretrial Disclosure, NYLJ, Nov. 24, 1993, at 2, col 6).
The purpose of DBS is to reduce the amount of "boilerplate” omnibus motions, in order to speed up the discovery process. CPL 30.30 (4) (a) allows a reasonable period of delay resulting from other proceedings concerning the defendant, including, but not limited to: demands to produce; the request for a bill of particulars; and pretrial motions. While discovery by stipulation does not preclude all further discovery or suppression motions, the discovery by stipulation procedure serves the same purpose as the typical omnibus motion which seeks items to be produced and a bill of particulars. Frequently motions to suppress statements, items seized and identification are made orally after DBS is served (which is clearly excludable time). DBS is much more judicially economic and efficient and is akin to motion practice, as verbal motions to suppress and seek discovery are usually entertained and decided at the Bench. (See, People v Jackson, 145 AD2d 646 [2d Dept 1988]; People v Green, NYLJ, Oct. 7, 1994, at 34, col 6.) Accordingly, the DBS process is excludable time pursuant to CPL 30.30 (4) (a).
2. ASSIGNMENT FROM COURT CALENDAR PARTS
On May 17, 1994 the People served their discovery papers and the case was adjourned to Jury Part 1 for trial on June 14, 1994. However, in Kings County, as in many other counties, cases ready for trial are adjourned to a Court Calendar Part in order to ascertain whether the case can be *372 resolved short of trial. In the event that the case cannot be resolved it is assigned to an open Ready Trial Part. In Kings County, by court practice no cases are actually tried in the Calendar Part, Jury Part 1. This procedure was established by the court to ease court congestion, and accordingly this period of 28 days (May 17-June 14) is not chargeable against the People and is excludable. It should be emphasized that "[o]nce a prosecutor announces readiness for trial, the operational effect of CPL 30.30 is exhausted, and delays due to court congestion notwithstanding that readiness should thus be excludable” (People ex rel. Sykes v Mitchell, 184 AD2d 466, 468 [1st Dept 1992]). The Appellate Division, Second Department, has held in People v Caussade (162 AD2d 4, 7) that CPL 30.30 "is not a true speedy trial statute * * * it requires only that the People announce their readiness for the trial * * * within [the] time period” (see also, People v Clinton, 152 Misc 2d 555, 561 [Crim Ct, Kings County 1991]).
On June 14, 1994 the Calendar Judge in Jury Part 1 adjourned this case to Jury Part 6 for trial on June 20, 1994. This six-day period (June 14-June 20) is not chargeable to the People as the adjournment was a court adjournment for scheduling purposes as cases are generally not tried in Jury Part 1, but are sent from there to other parts for trial.
Notwithstanding the above, after calculating all of the speedy trial time periods applicable in this matter, the court grants the defendant’s motion to dismiss on speedy trial grounds for failure of the People to be ready for trial within the statutory period pursuant to CPL 30.30 (1) (b).