■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL L. ELDRIDGE, Appellant. [624 NYS2d 197] —Appeal by the defendant from two judgments of the County Court, Orange County (Pano Z. Patsalos, J.), both rendered August 31, 1993, convicting him of rape in the first degree under Indictment No. 92-00306 and burglary in the first degree under Indictment No. 92-00255, upon his pleas of guilty, and imposing sentences. The appeals bring up for review the denial, after a hearing, of the branches of the defendant's omnibus motion under Indictment No. 92-00255 which were to suppress certain oral statements and identification evidence.

Ordered that the judgments are affirmed.

Contrary to the defendant's contention, the hearing court properly denied the branch of the defendant's omnibus motion which was to suppress the lineup identification. It is well settled that there is no requirement "that a defendant in a lineup be surrounded by people nearly identical in appearance" *(People v Chipp,* 75 NY2d 327, 336), and the constitutional proscription against unduly suggestive identification procedures is satisfied "[a]s long as the other individuals in the lineup sufficiently resemble the defendant" *(People v Valdez,* 204 AD2d 369). None of the factors now relied upon by the defendant rendered the lineup suggestive *(see, People v Figueroa,* 204 AD2d 103; *People v Baptiste,* 201 AD2d 659; *People v Chalmers,* 163 AD2d 528), particularly in view of the fact that the defendant's two attorneys participated in the selection of the fillers for the lineup and never objected to how the lineup was conducted *(see, People v Brown,* 169 AD2d 528; *People v Capozzi,* 152 AD2d 985; *People v Green,* 143 AD2d 768).

The hearing court did not err by refusing to suppress certain oral statements that the defendant made while talking

on the telephone to a third person and that were overheard by a police officer. The record shows that, after the defendant had been arraigned and while he was in the police station house waiting to be taken to the county jail, he asked a police officer if he could make a telephone call. The officer dialed the telephone number for the defendant and handed him the telephone. The officer, at whose desk the telephone was situated, was only two and one-half feet away from the defendant as he spoke. Neither the making of the telephone call nor any of the defendant's statements was attributable to police suggestion, prompting, or other misconduct. Rather, they were the product of spontaneous and voluntary conduct on the part of the defendant (see, People v King, 155 AD2d 480; People v Sobolof, 109 AD2d 903; cf., People v Jackson, 202 AD2d 689).

We have examined the defendant's remaining contention and find it to be without merit. Balletta, J. P., Thompson, Lawrence and Goldstein, JJ., concur.