■ The People of the State of New York, Respondent, v Roderick Hunter, Appellant. [633 NYS2d 59] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered November 15, 1993, convicting him of robbery in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly denied the branch of the defendant's omnibus motion which was to suppress testimony concerning the identification of the defendant at the lineup. It is well settled that there is no requirement "that a defendant in a lineup be surrounded by people nearly identical [to him] in appearance" *(People v Chipp,* 75 NY2d 327, 336, *cert denied* 498 US 833). The constitutional proscription against unduly suggestive identification procedures will be satisfied "[a]s long as the other individuals in the lineup sufficiently resemble the defendant" *(see, People v Valdez,* 204 AD2d 369). None of the factors upon which the defendant now relies rendered the lineup unduly suggestive *(see, People v Figueroa,* 204 AD2d 103; *People v Baptiste,* 201 AD2d 659; *People v Chalmers,* 163 AD2d 528).

The defendant failed to preserve for appellate review his objections to the prosecutor's summation *(see,* CPL 470.05 [2]). In any event, the challenged comments were fair responses to defense counsel's summation or within the bounds of proper rhetorical comment *(see, People v Arce,* 42 NY2d 179; *People v Galloway,* 54 NY2d 396).

We have considered the defendant's remaining contentions and find that they are without merit. Sullivan, J .P., Miller, Copertino and Goldstein, JJ., concur.