■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LYNNARD BIGGS, Appellant. [635 NYS2d 504] —Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered February 25, 1994, convicting him of robbery in the first degree (three counts), attempted robbery in the first degree (two counts), and assault in the first degree under Indictment No. 5575/92, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, also rendered February 25, 1994, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of attempted robbery in the second degree under Indictment No. 3817/90. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion made under Indictment No. 5575/92, which was to suppress identification testimony.

Ordered that the judgment and amended judgment are affirmed.

Contrary to the defendant's contention, the hearing court properly denied that branch of his omnibus motion which was to suppress the lineup identification of him. It is well settled that there is no requirement "that a defendant in a lineup be surrounded by people nearly identical in appearance" *(People v*

*Chipp,* 75 NY2d 327, 336, *cert denied* 498 US 833) and that the constitutional identification procedures will be satisfied "[a]s long as the other individuals in the lineup sufficiently resemble the defendant" *(People v Valdez,* 204 AD2d 369). None of the factors now relied upon by the defendant were of such a nature as to render the lineup suggestive *(see, People v Figueroa,* 204 AD2d 103; *People v Baptiste,* 201 AD2d 659; *People v Chalmers,* 163 AD2d 528).

Furthermore, the prosecutor's cross-examination of defense witness Andrew Chen regarding his failure to timely come forward with exculpatory information was proper pursuant to *People v Dawson* (50 NY2d 311).

The defendant's sentence is not excessive *(People v Suitte,* 90 AD2d 80).

We have reviewed the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Balletta, Copertino and Hart, JJ., concur.