■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN YAGER, Appellant. [640 NYS2d 642] —Crew III, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered October 7, 1994, upon a verdict convicting defendant of the crime of assault in the second degree.

Defendant was indicted and charged with one count of assault in the second degree as the result of an incident that occurred on October 2, 1993 at the Club Elante in the Village of Endicott, Broome County. Following a jury trial, defendant was found guilty as charged and sentenced as a second violent felony offender to an indeterminate term of imprisonment of $3^1/_2$ to 7 years. Defendant now appeals.

Defendant initially contends that County Court erred in denying his motion to suppress identification testimony. We disagree. It is axiomatic that a defendant in a lineup or photographic array is not entitled to be surrounded by persons nearly identical in appearance (see, People v Chipp, 75 NY2d 327, 336, cert denied 498 US 833). A lineup or photographic array will pass constitutional muster so long as the individuals therein sufficiently resemble the defendant (see, People v Chalmers, 163 AD2d 528, lv denied 77 NY2d 876). Our review of the lineup photographs, the photographic array and the testimony adduced at the suppression hearing satisfies us that there was no "undue suggestiveness", and County Court therefore properly denied defendant's motion.

Defendant's contention that County Court erred in denying his motion to suppress his oral statement to the police is likewise rejected. The record reveals that defendant, while being processed by a police officer who was uninvolved in the investigation leading to defendant's indictment and arrest, inquired why he was being arrested. In response, the officer advised defendant that he had been indicted for an assault regarding a fight at the Club Elante. Defendant responded that he had never been to the Club Elante, did not have any idea where it was and that the police must have the wrong person. Contrary to defendant's contention, nothing in the record suggests that the officer deliberately prompted defendant to ask

why he had been arrested, nor is there any evidence to suggest any hesitation or delay in the officer's response to the question "evidencing a desire to exploit the elements of time and place" (*People v Rivers*, 56 NY2d 476, 480). In short, the answer to defendant's inquiry did not go beyond the question asked, and there is nothing to indicate that defendant's responsorial statement was other than spontaneous (*supra*, at 480; *People v Lynes*, 49 NY2d 286, 294).

Finally, we reject defendant's contention that County Court abused its discretion by refusing to permit defense counsel to call two codefendants to the stand solely to put them to their claim of privilege against self-incrimination in the presence of the jury. It is axiomatic that such a determination rests within the sound discretion of the trial court (*see, People v Thomas*, 51 NY2d 466). As the Court of Appeals observed in *Thomas*, this "rule is founded on the sound premise that a witness' refusal to testify on constitutional grounds does not, in and of itself, have any real probative significance, although it may have a disproportionate impact upon the minds of the jurors and may tend to create the impression that the witness is guilty of a particular crime [rather than the defendant]" (*supra*, at 472). Clearly, in the case at bar, if the two codefendants were permitted to take the stand and declined to answer questions as to their complicity in the incident in question, the jury might well speculate that they were the perpetrators of the assault rather than defendant. Significantly, County Court offered to give a neutral charge to the jury, i.e., that they should draw no adverse inference against defendant for the failure of those individuals to testify because they were unavailable to do so for reasons beyond defendant's control, and that offer was accepted by defendant. Under the circumstances, it is inconceivable that defendant was prejudiced by County Court's ruling. We have considered defendant's other contentions, including the assertion that the verdict was not supported by legally sufficient evidence, and find them all to be without merit.

Cardona, P. J., White, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed.