■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BURNEY III, Appellant. [646 NYS2d 285] —Appeal by the defendant from a judgment of the County Court, Nassau County (Dunne, J.), rendered February 3, 1994, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review an order of the Supreme Court, Nassau County (Goodman, J.), which denied, after a hearing, those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the judgment is affirmed.

The defendant asserts that the trial court erroneously permitted the two complainants and another witness to give identification testimony. However, upon our review of the record of the suppression hearing and the lineup photograph, we conclude that the hearing court properly found that the lineup which the complainants had each separately viewed was not unduly suggestive *(see, People v Chipp,* 75 NY2d 327, 335, *cert denied* 498 US 833; *People v Valdez,* 204 AD2d 369, *lv denied* 84 NY2d 1016) and further correctly determined that the other witness had an independent source for his identification of the defendant *(see, People v Hyatt,* 162 AD2d 713, 714).

The defendant's contention that the evidence adduced by the People was legally insufficient to establish his identity as the perpetrator of these crimes is unpreserved for appellate review *(see, People v Bynum,* 70 NY2d 858; *People v Udzinski,* 146 AD2d 245, 250). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions are without merit. O'Brien, J. P., Sullivan, Florio and McGinity, JJ., concur.