■ RAMON RUIZ, Respondent, v HARYKEVICK REALTY CORPORATION et al., Appellants. [679 NYS2d 126] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered July 15, 1997, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In light of factual issues as to whether plaintiff was a tenant to whom defendant landlords owed a duty and whether it was breached by defendants' conduct, summary judgment was properly denied (*see, Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395). Defendants' contention that plaintiff's act of climbing over the gate constituted an unforeseeable, reckless act that broke the causal chain and absolved defendants of liability is not preserved for review. In any event, issues of fact as to the foreseeability of plaintiff's act exist on the face of the record. Nor is there merit to defendants' preserved claim that plaintiff, in scaling the fence situated between him and his residence, assumed the risk entailed by an inherently dangerous activity. Plaintiff's conduct is not to be equated with voluntary participation in dangerous activities such as sporting events (*see, e.g., Turcotte v Fell*, 68 NY2d 432). Concur—Milonas, J. P., Ellerin, Wallach and Tom, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO RODRIGUEZ, Appellant. [679 NYS2d 572] —Judgment, Supreme Court, Bronx County (Dominic Massaro, J.), rendered November 17, 1995, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

A review of the lineup photograph and testimony at the *Wade* hearing supports the hearing court's conclusion that there was no suggestiveness in the conduct of the lineup (*see, People v Chipp*, 75 NY2d 327, 336, *cert denied* 498 US 833; *People v Figueroa*, 204 AD2d 103, *lv denied* 83 NY2d 967). Any difference between defendant and the other participants was not so pronounced as to single defendant out. Concur—Milonas, J. P., Ellerin, Wallach and Tom, JJ.