■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY MILLS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Sullivan, J.), rendered September 12, 1983, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

In the early morning of July 5, 1980, the defendant was engaged in a fistfight with Charles Still. During the fight, Still was shot and, as a result, he died five days later. The defendant was indicted for murder in the second degree and criminal possession of a weapon in the second degree.

It is uncontroverted that on the night of the incident the defendant was told by his girlfriend that Charles Still had threatened her and made improper advances toward her. Thereupon, he and three friends sought out and found Still. The defendant confronted Still and either he or one of his friends threw the first punch. One of defendant's cohorts snatched a chain from Still's neck. According to prosecution witnesses, the defendant then pulled a gun from his waistband and shot Still. Defense witnesses testified that it was Still who pulled out the gun. According to the defendant, the gun went off while the two men were fighting for control of the weapon. He claims he never had control of the gun and did not shoot Still.

At trial the court charged murder in the second degree (intentional murder, Penal Law, § 125.25, subd 1), manslaughter in the first degree (intent to cause serious physical injury, Penal Law, § 125.20, subd 1) as a lesser included offense of murder in the second degree, and criminal possession of a weapon in the second degree (Penal Law, § 265.03). Defendant now claims, *inter alia,* that the trial court committed reversible error in failing to charge manslaughter in the second degree (Penal Law, § 125.15, subd 1), and manslaughter in the first degree based on extreme emotional disturbance (Penal Law, § 125.20, subd 2). We disagree.

Defendant's claim with regard to manslaughter in the second degree (recklessly causing the death of another person) is unsupported by the evidence, and the court's failure to charge this

crime was not error. In submitting a count of an indictment to the jury, the court may submit in the alternative any lesser included offense if there is a reasonable view of the evidence which would support a finding that the defendant committed the lesser offense but not the greater (CPL 300.50, subd 1; *People v Blim*, 63 NY2d 718; *People v Green*, 56 NY2d 427; *People v Ivisic*, 95 AD2d 307). However, if there is no reasonable view of the evidence which would support such a finding, the court may not submit such lesser offense (CPL 300.50, subd 1).

Although manslaughter in the second degree is a lesser included offense of murder in the second degree (*People v Green*, 56 NY2d 427, 433, *supra; People v Garson*, 97 AD2d 518), an examination of the testimony adduced at the instant trial reveals no reasonable view of the evidence that the defendant recklessly shot Charles Still. According to defendant's own version of the facts, the deceased, in essence, accidentally shot himself. The defendant denies ever holding or firing the gun. Medical testimony, however, belies the possibility that the deceased was shot from a distance of less than 24 inches and in the manner alleged by defendant. The prosecution eyewitnesses testified that the defendant shot the deceased. Thus, the jury was presented with conflicting versions of the incident indicating that either the defendant acted intentionally in shooting the deceased or did not shoot the gun at all. Viewing the evidence in the light most favorable to the defendant, there is no reasonable view of the facts which would support a finding that defendant recklessly caused the death of Charles Still (see *People v Adams*, 72 AD2d 156, affd 53 NY2d 1, cert den 454 US 854). Therefore, such charge was unnecessary.

Defendant's claim with regard to manslaughter in the first degree based on the theory of extreme emotional disturbance was waived because the defendant neither requested such charge nor objected to the court's charge as given (CPL 300.50, subd 1; 470.05, subd 2; *People v Duncan*, 46 NY2d 74, 80, cert den 442 US 910). In any event, the record does not present any evidence to support such charge.

We have reviewed the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Gibbons, O'Connor and Lawrence, JJ., concur.