■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRENCE JONES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered January 4, 1983, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The trial court correctly denied the defendant's request to charge the lesser included offense of manslaughter in the

second degree, as there was no reasonable view of the evidence which would have supported a finding that the defendant committed that crime *(see, People v Green,* 56 NY2d 427; *People v Mills,* 105 AD2d 759; *People v Ivisic,* 95 AD2d 307; CPL 300.50 [1]). The record indicates that the defense relied on the fact that there were no witnesses who saw the defendant shoot the victim, although witnesses did see the defendant with a gun in his hand directly after they heard the shot. Thus, it was for the jury to determine whether the defendant acted intentionally in shooting the deceased or did not shoot the gun at all *(see, People v Mills, supra).* There is no reasonable view of the evidence which would support a finding that the defendant recklessly caused the victim's death.

The comments made by the prosecutor during summation did not deprive the defendant of a fair trial. The prosecutor's comment that his prosecution witness Clark had perhaps been subtly pressured into giving a statement to the defendant's investigator was properly based on the evidence. Moreover, although there may have been no basis for this same statement regarding Richardson, a second prosecution witness, the court issued a curative instruction to the jury during its charge. "The importance, as well as the effect, of curative instructions * * * cannot be underestimated, as we depend, for the integrity of the jury system itself, upon the willingness of jurors to follow the court's instruction in such matters" *(People v Berg,* 59 NY2d 294, 299-300). The curative charge sufficiently negated the allegedly improper inference the prosecutor had made and, therefore, cured whatever harm the defendant might have suffered. Gibbons, J. P., Eiber, Kunzeman and Kooper, JJ., concur.