■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN VAN SICKLE, Appellant.—Levine, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered May 31, 1985, upon a verdict convicting defendant of the crimes of vehicular assault in the second degree

and operating a motor vehicle while under the influence of alcohol (two counts).

Defendant's conviction stems from an automobile accident which occurred when the vehicle he was driving in the southbound lane of Route 13 in Sullivanville, Chemung County, spun out of control and hit an oncoming vehicle in the northbound lane. Defendant's blood alcohol level registered .20% at the time of his arrest following the accident. After a jury trial he was convicted and sentenced to an indeterminate prison term of 1⅓ to 4 years on the vehicular assault charge, to run concurrently with two one-year terms on the driving while intoxicated charges.

On appeal, defendant claims (1) that vehicular assault in the second degree was not proven beyond a reasonable doubt since the facts adduced at the trial failed to establish the element of criminal negligence, and (2) that the testimony of a forensic toxicologist with the State Police should not have been admitted into evidence since he was not sufficiently qualified to give expert testimony.

We are not persuaded by defendant's contention that vehicular assault in the second degree was not proven beyond a reasonable doubt. Defendant maintains that the proof only established that the accident occurred when his car hit a patch of ice, causing it to spin out of control, which in and of itself does not constitute criminal negligence. However, State Trooper Diane Noies, who was driving in the northbound lane of Route 13 directly in front of the victim's car, testified that she first saw defendant's car approaching in the southbound lane when she noticed his headlights bouncing up and down. When he came closer she observed that he was driving entirely on the shoulder of the road. His vehicle then spun out of control, crossing lanes and hitting the victim's car. Noies stated that neither she nor the victim had been driving in a manner which would have caused defendant to pull over onto the shoulder of the road. The victim's testimony regarding the accident paralleled Noies' testimony. After the accident, Noies checked the road and found the shoulder to be covered with four inches of snow and discovered a patch of ice in the area where defendant lost control of his car.

This testimony was sufficient to establish that defendant was criminally negligent. In driving on the shoulder of the road when it was covered by four inches of snow, while intoxicated, defendant failed to perceive the substantial and unjustifiable risk that his car might spin out of control and

strike another vehicle. His conduct constituted a gross deviation from the standard of care that a reasonable person would observe in a similar situation (see, Penal Law § 15.05 [4]; § 120.03). Contrary to defendant's assertions, his hitting the patch of ice was a foreseeable risk of driving on the snow-covered shoulder and, therefore, was not the sole cause of the accident. His failure to perceive that risk was a result of his own insensitivity to the interests of other users of the highway and it may not serve as an excuse for his negligent conduct (see, People v Haney, 30 NY2d 328, 334; People v Beiter, 77 AD2d 214, 217).

Defendant's claim regarding the qualifications of the toxicologist to testify as an expert is equally unavailing. The introduction of expert testimony lies within the sound discretion of the trial court (People v Cronin, 60 NY2d 430, 433). The witness, who testified as to the effects generally of different blood alcohol levels on perception, motor coordination and the ability to operate a motor vehicle, possessed a degree in forensic chemistry with specific courses in forensic toxicology. He has been a forensic toxicologist with the State Police since 1977, heading the forensic services department for the southern tier of New York since 1979, and is a member of forensic toxicology organizations. Thus, the witness possessed sufficient experience, training and education from which it could be inferred that his expert opinion would be reliable (see, Matott v Ward, 48 NY2d 455, 459). Accordingly, the introduction of his testimony did not constitute an abuse of discretion.

Judgment affirmed. Kane, J. P., Casey, Mikoll and Levine, JJ., concur.