■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL GAMBRELL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dufficy, J.), rendered August 21, 1985, convicting him of burglary in the first degree, attempted robbery in the second degree and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's assertion, the evidence in this case was legally sufficient to support his conviction *(see, People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932; *People v Contes,* 60 NY2d 620). Moreover, upon the exercise of our factual review power, we find that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). The defendant was identified as the attacker by

the complainant, who had been acquainted with him for several years. The defendant's alibi, that he had been in the company of his sister and her boyfriend at the time in question, presented a credibility issue for the jury's resolution *(see, People v Rosenfeld,* 93 AD2d 872, *lv denied* 59 NY2d 977).

We also reject the defendant's contention that he was denied a fair trial due to remarks made during the trial by the prosecutor. Although several of these remarks may have been improper, those that were objected to at the trial were stricken and met with immediate curative instructions which were sufficient to dispel whatever prejudicial effect the remarks may have had *(see, People v Jones,* 120 AD2d 747; *People v Walters,* 116 AD2d 757, *lv denied* 67 NY2d 891). Moreover, the cumulative effect of the comments was not so prejudicial as to have compromised the defendant's right to a fair trial *(see, People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837).

Finally, we find no merit in the defendant's claim that the trial court's instructions to the jury regarding the nature of an indictment contained "completely unnecessary and possibly misleading" material *(see, People v Fortt,* 35 NY2d 921, *revg* 42 AD2d 859 *on dissenting mem at App Div).* While we would reiterate the admonition that a "defendant [is] entitled to a flat charge that the indictment [is] no evidence of guilt" *(People v McCutcheon,* 14 AD2d 482, 483), the trial court's instructions in this case did not depart in either substance or form from the recommended formulation for such a charge *(see,* 1 CJI[NY] 6.02), and were proper. Mollen, P. J., Eiber, Kunzeman and Spatt, JJ., concur.