■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES FORGIONE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered November 28, 1986, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the case is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

Viewing the evidence in the light most favorable to the prosecution, we find the eyewitness and expert proof legally sufficient to support the defendant's conviction for manslaughter in the first degree. Moreover, upon the exercise of our factual review power, we are satisfied that the evidence estab-

lished the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). We discern no basis for disturbing the jury's rejection of the defense of temporary insanity in light of the eyewitness and expert testimony adduced by the prosecution *(see, e.g., People v Wood,* 12 NY2d 69).

Similarly unavailing is the defendant's claim that the trial court committed reversible error in its description of the nature of a "mental defect" to the jury. This challenged portion of the charge was accurate and proper *(see,* 1 CJI[NY] 30.05, at 824). Furthermore, the defendant's contention that he was prejudiced by the prosecutor's use of "fitness to proceed" reports *(see,* CPL art 730) at trial and by the court's failure to provide the jury with a limiting instruction as to the purpose for which such reports could be considered is belied by the record. The reports were introduced into evidence without limitation, over the prosecutor's objection, by defense counsel, who then proceeded to refer to them during his direct examination of an expert witness called by the defense. Counsel also employed the contents of the reports at length in his summation in order to corroborate the defendant's version of the events and to bolster his client's credibility. Moreover, when the jurors requested the reports during deliberations, the trial court acceded to defense counsel's request not to turn the documents over to the triers of fact. Hence, viewed in this context, the defendant's claim of prejudice is wholly without merit as he clearly opened the door to the prosecution's similar use of the reports and he received the relief that he requested of the trial court *(see generally, People v Bolden,* 58 NY2d 741; *People v Hardwick,* 122 AD2d 165, *lv denied* 68 NY2d 813, 1001; *People v Malphurs,* 111 AD2d 266, *lv denied* 66 NY2d 616, 920).

The defendant's challenge to the trial court's exclusion of proffered expert psychiatric testimony concerning an evaluation of the contents of the victim's diary in order to establish the defense of extreme emotional disturbance is unconvincing. Initially, we note that this issue is academic in view of the fact that the jurors expressly accepted the extreme emotional disturbance defense *(see,* Penal Law § 125.25 [1] [a]) notwithstanding the trial court's ruling; hence, the defendant cannot assign any prejudice to the court's alleged error in excluding the proffered testimony. In any event, given the fact that the diary consisted exclusively of hearsay, that it bore little relevance to the defendant's own mental state, and that the defendant adduced a wealth of other evidence concerning his

mental condition shortly before the homicide, we discern no prejudicial error in the challenged exclusion of the opinion evidence *(see generally, Hambsch v New York City Tr. Auth.,* 63 NY2d 723; *People v Sugden,* 35 NY2d 453).

The defendant's claim that he was denied a fair trial by various instances of alleged prosecutorial misconduct is unavailing. The majority of the challenged remarks made by the prosecutor during cross-examination and summation concerned matters which the defendant put in issue during his direct case and thus constituted acceptably zealous advocacy and fair comment upon the evidence *(see generally, People v Galloway,* 54 NY2d 396; *People v Ashwal,* 39 NY2d 105). Moreover, while some of the prosecutor's questions and comments might have been better left unsaid, they did not deprive the defendant of his right to a fair trial *(see, e.g., People v Gambrell,* 133 AD2d 844; *People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837), especially in view of the defense summation *(see generally, People v Marks,* 6 NY2d 67, *cert denied* 362 US 912) and the curative instructions given by the trial court *(see, People v Gibbs,* 59 NY2d 930; *People v Jones,* 120 AD2d 747; *People v Walters,* 116 AD2d 757, *lv denied* 67 NY2d 891).

We further discern no basis for disturbing the sentence imposed upon the defendant, as the court properly applied the salient factors in reaching its sentencing determination, and the challenged sentence falls within both the statutory boundaries and the court's broad discretion *(see, e.g., People v Pedraza,* 66 NY2d 626; *People v Farrar,* 52 NY2d 302; *People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Rubin, J. P., Kooper, Sullivan and Harwood, JJ., concur.