■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN FLUDD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Bourgeois, J.), rendered May 6, 1986, convicting him of murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We reject the defendant's argument that he was denied his constitutional right to a fair trial based upon his claim of ineffective assistance of trial counsel. It is well settled that a claim of ineffective assistance of counsel may not be premised solely upon trial counsel's unsuccessful employment of a trial strategy *(see, People v Satterfield,* 66 NY2d 796; *People v Baldi,* 54 NY2d 137; *People v Aiken,* 45 NY2d 394). The record reveals that counsel made the appropriate pretrial and post-trial motions and objections and delivered a well-reasoned summation. A solitary misstatement within the defense counsel's summation is insufficient to support the defendant's contention that his counsel conceded his guilt *(see, People v Sullivan,* 153 AD2d 223).

Contrary to the defendant's *pro se* claim, he was not denied his right to be present during a material part of the trial

when the jury was furnished with the street diagram and the wall photographs pursuant to their request without the court reconvening (see, CPL 310.20 [1]). Prior to jury deliberations, the prosecutor and defense counsel stipulated on the record that, with the exclusion of the defendant's videotaped statement, any requested exhibits could be turned over without the court reconvening (see, People v Stanley, 163 AD2d 435).

We have examined the defendant's remaining contentions, including those raised in his supplemental pro se brief, and conclude that they are without merit. Thompson, J. P., Brown, Eiber and Rosenblatt, JJ., concur.