■ The People of the State of New York, Respondent, v Franklin Rivera, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lagana, J.),

rendered November 30, 1990, convicting him of murder in the second degree (three counts), rape in the first degree, burglary in the first degree, and attempted robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that the trial court committed error because its instructions to the jury did not contain any language that an indictment is not evidence of guilt is not preserved for appellate review since there was no timely objection at the trial (see, People v Udzinski, 146 AD2d 245, 248). In any event, this single error (see, 1 CJI[NY] 6.02, at 242; People v Gambrell, 133 AD2d 844, 845) standing alone, would not warrant reversal, as the trial court properly instructed the jurors that only the testimony and the exhibits, plus any concessions and stipulations, may be used by them as evidence in their deliberations (see, People v Hurk, 165 AD2d 687).

The defendant's remaining contention, that the trial court erred in failing to charge the jury that they must find that the defendant did, in fact, make the statement that was signed by him, is also unpreserved for appellate review (see, People v Udzinski, supra, at 248), and in any event, without merit. The trial court referred to the statement in its instructions to the jury as the one "allegedly" made by the defendant, and repeatedly instructed the jurors that they must disregard the statement unless they found that it was both "voluntarily made" and "truthful". Moreover, the defense counsel commented extensively on the issue of whether the defendant made the statement attributed to him (see, People v Chisom, 170 AD2d 523). Thompson, J. P., Rosenblatt, Lawrence and Ritter, JJ., concur.