■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO OTERO, Appellant. [608 NYS2d 260] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pesce, J.), rendered March 28, 1989, convicting him of burglary in the third degree, petit larceny, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find no merit to the defendant's claim that he was deprived of the effective assistance of his trial counsel. In reviewing such a claim, " '[s]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met' " *(People v Rivera,* 71 NY2d 705, 708; *People v Satterfield,* 66 NY2d 796, 798-799; *People v Baldi,* 54 NY2d 137, 147). Care must be taken to avoid confusing true ineffectiveness with mere losing tactics and "according undue significance to retrospective analysis" *(People v Baldi, supra,* at 146).

The defendant's claim that his attorney only met with him

for 10 minutes the day before trial is dehors the record and may not be considered on appeal *(see, People v Worrell,* 110 AD2d 733). In any event, the record reveals that his attorney cross-examined each of the witnesses that testified, specifically questioning Officer Timothy Roberts, the only person to identify the defendant, as to the length of time and circumstances in which he saw the defendant. In addition, contrary to the defendant's assertion, defense counsel did present his theory of misidentification to the jury by arguing on summation that Officer Roberts' identification of the defendant was faulty. We find that no aspect of defense counsel's performance rendered his representation less than "meaningful" *(People v Rivera,* 71 NY2d 705, 708, *supra).*

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Rosenblatt, Copertino and Hart, JJ., concur.