■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH TABB, Appellant. [617 NYS2d 787] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Golia, J.), rendered October 8, 1992, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to consecutive indeterminate terms of imprisonment of 8⅓ to 25 years for manslaughter in the first degree and 5 to 15 years for criminal possession of a weapon in the second degree.

Ordered that the judgment is modified, on the law, by providing that the terms of imprisonment shall run concurrently to each other; as so modified, the judgment is affirmed.

The defendant got into a livery van, hid a loaded revolver in his lap, and after arriving at his destination, shot and killed the livery van driver because he and his friends did not want to pay the one-dollar per-person fare. We disagree with the defendant's contention that he was entitled to a charge of manslaughter in the second degree as a lesser-included offense. Viewing the evidence in the light most favorable to the defendant *(see, People v Martin,* 59 NY2d 704), there is no reasonable view of the evidence that would have supported a charge of reckless manslaughter *(see,* CPL 300.50; *People v Glover,* 57 NY2d 61). At the trial, the defendant testified that he paid the livery van driver four dollars for the ride and that he had no knowledge of a shooting. The essence of his testimony was that someone else must have committed the crime. Thus, the jury was presented with conflicting versions of the incident indicating that either the defendant acted intentionally in shooting the deceased or did not shoot the gun at all *(see, People v Jones,* 120 AD2d 747; *People v Mills,* 105 AD2d 759, *petition for habeas corpus granted sub nom. Mills v Scully,* 653 F Supp 885, *revd* 826 F2d 1192). The record does not support the defendant's contention that the shooting was a reckless act of violence done because of intoxication. We note that the defendant never requested a charge on intoxication as a defense, nor did he ever proffer his purported

intoxication to the trial court as a basis for submitting a charge of manslaughter in the second degree to the jury.

Because the defendant's possession of the loaded revolver and the shooting of the livery van driver were both committed through a single act, the sentence imposed for the crime of criminal possession of a weapon in the second degree should run concurrently with the sentence imposed for manslaughter in the first degree, and the defendant's sentence is modified accordingly *(see,* Penal Law § 70.25 [2]; *see also, People v Jenkins,* 176 AD2d 348, 349).

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Lawrence, Santucci and Goldstein, JJ., concur.