■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BARTLETT, Appellant. [626 NYS2d 518] —Appeal by the defendant from three judgments of the Supreme Court, Queens County (O'Dwyer, J.), all rendered October 5, 1992, convicting him of manslaughter in the first degree under Indictment No. 4323/90, robbery in the first degree under Indictment No. 183/91, and robbery in the first degree under Indictment No. 184/91, upon his pleas of guilty, and imposing sentences. The appeals bring up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgments are affirmed.

We find unpersuasive the defendant's contention that the hearing court erred in denying his motion to suppress his written and videotaped statements to the police. It is well settled that the factual findings and credibility determinations of the hearing court are entitled to great deference on appeal and will not be set aside unless clearly erroneous *(see, People v Prochilo,* 41 NY2d 759; *People v Rose,* 204 AD2d 745; *People v Ennis,* 158 AD2d 467). The hearing court did not improvidently exercise its discretion in crediting the testimony of the prosecution witnesses in this case. Furthermore, that testimony amply supports the court's determinations that the defendant was not subjected to coercive police tactics and that he received, acknowledged, and voluntarily waived his rights prior to making the incriminating statements *(see, People v Griffin,* 186 AD2d 820; *People v Rivera,* 171 AD2d 708; *People v Rodriguez,* 167 AD2d 562; *People v Padilla,* 133 AD2d 353). Accordingly, we discern no basis in the record for disturbing the hearing court's conclusion.

The defendant's present challenges to the validity of his pleas of guilty are unpreserved for appellate review, inasmuch as he did not seek to withdraw his pleas on the grounds he now raises, nor did he otherwise bring these claims to the attention of the Supreme Court *(see,* CPL 470.05 [2]; *People v Mackey,* 77 NY2d 846; *People v Pellegrino,* 60 NY2d 636; *People v Mazyck,* 194 AD2d 808). In any event, the record of the plea proceedings unequivocally establishes that the court

adequately apprised the defendant of the rights he was waiving *(see, People v Harris,* 61 NY2d 9), that his factual allocutions to the offenses were satisfactory, and that he knowingly, voluntarily, and intelligently pleaded guilty *(see, People v Rhodes,* 176 AD2d 828; *People v Betheny,* 147 AD2d 488; *People v Riviezzo,* 124 AD2d 837). Moreover, there is no basis in the record for the defendant's contention that the court was obligated to conduct a *sua sponte* inquiry into any possible defenses which he might have to the charges *(see, People v Griffin, supra).*

The defendant's claim of ineffective assistance of counsel, to the extent that it is premised upon the frequency of meetings between attorney and client and trial counsel's allegedly inadequate case preparation, involves matters which are dehors the record and which may not be considered on this appeal *(see, People v Otero,* 201 AD2d 675; *People v Clark,* 175 AD2d 212; *People v Southard,* 158 AD2d 490). The record otherwise fails to support the defendant's claim, inasmuch as it demonstrates that trial counsel rendered meaningful representation to the defendant at all stages of the proceedings *(see, People v Hobot,* 84 NY2d 1021; *People v Baldi,* 54 NY2d 137).

Finally, the defendant may not now be heard to challenge the negotiated sentences which the court imposed *(see, People v Kazepis,* 101 AD2d 816), and the sentences are neither harsh nor excessive under the circumstances of this case *(see, People v Suitte,* 90 AD2d 80). Sullivan, J. P., O'Brien, Thompson and Hart, JJ., concur.