■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN BANKS, Appellant. [664 NYS2d 816] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered December 18, 1995, convicting him of burglary in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendants' *pro se* contention that the Supreme Court intimidated him into refraining from moving to withdraw his plea of guilty is premised upon matters dehors the record and thus cannot be resolved on a direct appeal from the judgment (*see, People v Otero,* 201 AD2d 675).

The defendant pleaded guilty with the understanding that he would receive the sentence which was thereafter actually imposed. Under the circumstances of this case, the defendant has no basis now to complain that the sentence was excessive (*see, People v Kazepis,* 101 AD2d 816). Mangano, P. J., Copertino, Joy, Florio and Luciano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMARR BOOTH, Also Known as JAMAR BOOTH, Appellant. [665 NYS2d 574] —Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Juviler, J.), imposed January 31, 1996, on the ground that the sentence is illegal.

Ordered that the sentence is affirmed.

There is no merit to the defendant's contention that the People's failure to comply with the provisions of CPL 400.21 denied him the opportunity to controvert his second felony offender status (*see, People v Bouyea,* 64 NY2d 1140; *People v Gottschalk,* 204 AD2d 567; *People v Carmello,* 114 AD2d 965). Mangano, P. J., Bracken, Copertino, Sullivan and McGinity, JJ., concur.