■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOHAMMED MOHSIN, Appellant. [755 NYS2d 625] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Katz, J.), rendered August 26, 1999, convicting him of attempted murder in the second degree and assault in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt of attempted murder in the second degree and assault in the first degree is unpreserved for appellate review (*see People v Gray,* 86 NY2d 10, 19 [1995]; *People v Udzinski,* 146 AD2d 245, 250 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The Supreme Court providently exercised its discretion in denying the defendant's motion pursuant to CPL 330.30 to set

aside the verdict based on newly-discovered evidence, without a hearing (*see People v Salemi,* 309 NY 208, 215 [1955], *cert denied* 350 US 950; *People v Pacheco,* 293 AD2d 629 [2002]; *People v Baxley,* 194 AD2d 681, 682 [1993], *mod on other grounds* 84 NY2d 208 [1994]). Further, the court properly admitted the expert testimony of Dr. Roger Yurt, who was permitted to testify regarding burn patterns. Dr. Yurt unquestionably was qualified to give this testimony based on his cumulative and lengthy experience in treating burn patients (*see Matott v Ward,* 48 NY2d 455, 459 [1979]; *People v Paun,* 269 AD2d 546 [2000]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Santucci, J.P., Krausman, Adams and Crane, JJ., concur.