■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CASIMIR GRIFFIN, Appellant. [783 NYS2d 847]—

Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered November 26, 2001, convicting him of assault in the second degree, assault in the third degree (two counts), menacing in the second degree,

and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his written statement to law enforcement authorities.

Ordered that the judgment is affirmed.

The hearing court correctly refused to suppress a written statement that the defendant gave during an interview with detectives (*see People v Ramirez,* 284 AD2d 161 [2001]; *People v DaCosta,* 201 AD2d 402 [1994]). In addition, although it was not the subject of a CPL 710.30 notice, the trial court properly allowed evidence of a particular oral statement made by the defendant during that interview (*see People v Garcia,* 290 AD2d 299 [2002]; *People v Coleman,* 256 AD2d 473 [1998]).

The trial court erred in allowing evidence of a prior uncharged crime (*see People v Vargas,* 88 NY2d 856 [1996]; *People v Alvino,* 71 NY2d 233 [1987]; *People v Stanard,* 32 NY2d 143 [1973]). However, since there was overwhelming evidence of the defendant's guilt of the crimes charged, and there is no significant probability that the error might have contributed to his convictions, the error was harmless (*see People v Crimmins,* 36 NY2d 230 [1975]; *People v Folk,* 176 AD2d 754 [1991]).

The trial court properly determined that a doctor offered by the People as a witness was qualified to offer an opinion as to the cause and permanency of a burn mark on the complainant (*see People v Eckhardt,* 305 AD2d 860 [2003]; *People v Mohsin,* 302 AD2d 609 [2003]; *People v Van Sickle,* 120 AD2d 897 [1986]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, either are unpreserved for appellate review or without merit. Prudenti, P.J., Ritter, H. Miller and Spolzino, JJ., concur.