■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUDSON TURNER, Appellant. [848 NYS2d 275]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunlop, J.), rendered November 19, 2004, convicting him of attempted murder in the second degree (two counts), criminal possession of a weapon in the second degree, and reckless endangerment in the first degree, upon a jury verdict, and sentencing him to determinate terms of imprisonment of 15 years on the conviction of attempted murder in the second degree (count one), 20 years on the conviction

of attempted murder in the second degree (count two), and 10 years on the conviction of criminal possession of a weapon in the second degree, to be served consecutively, and an indeterminate term of imprisonment of 2 to 6 years on the conviction of reckless endangerment in the first degree, to be served concurrently with the sentences on the other convictions.

Ordered that the judgment is modified, on the law, by directing that the sentence imposed on the conviction of criminal possession of a weapon in the second degree shall run concurrently with the sentences imposed on the remaining convictions; as so modified, the judgment is affirmed.

The People introduced evidence, over the defendant's objection, that the defendant and his accomplice were members of the "Bloods." While we agree that the use of such evidence exceeded the bounds for which it was arguably relevant, any error in the admission of the evidence regarding the defendant's alleged membership in the "Bloods," and other testimony about the "Bloods," does not require reversal. The evidence of the defendant's identification as one of the perpetrators was overwhelming without regard to such improperly admitted evidence. Moreover, there is no significant probability that the verdict would have been different absent the improper testimony; the error was thus harmless (*see People v Crimmins,* 36 NY2d 230, 238, 242 [1975]; *People v Griffin,* 12 AD3d 458, 459 [2004]; *cf. People v Forgione,* 134 AD2d 514, 516 [1987]).

The defendant's contention regarding the court's reasonable doubt charge was not preserved for appellate review (*see* CPL 470.05 [2]), and we decline to review it in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [3] [c]). The defendant was not deprived of his right to effective assistance of counsel based on counsel's failure to object to the reasonable doubt instruction (*see Strickland v Washington,* 466 US 668 [1984]; *People v Baldi,* 54 NY2d 137, 147 [1981]; *cf. People v Turner,* 5 NY3d 476, 478 [2005]). The defendant failed to preserve his challenge to the court's instruction on reckless endangerment in the first degree (*see* Penal Law § 120.25), and we decline to review it in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [3] [c]).

As the People correctly concede, the Supreme Court erred in ordering that the term of imprisonment imposed on the conviction for criminal possession of a weapon in the second degree run consecutively to the terms of imprisonment imposed on the remaining convictions (*see* Penal Law § 70.25 [2]). Therefore, we modify the judgment by directing that the sentence imposed on the conviction for criminal possession of a weapon in the

second degree be served concurrently with the remaining counts.

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Crane, J.P., Rivera, Florio and Balkin, JJ., concur.