■ The People of the State of New York, Respondent, v Richard Poux, Appellant. [894 NYS2d 451]—

The defendant was convicted of manslaughter in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree in connection with the fatal shooting of Lawrence Ennett in a barbershop in Queens on October 29, 2004. At trial, the People established that, while the defendant and the victim were arguing, the defendant struck the victim twice in the head before the defendant's gun discharged, killing the victim. Forensic evidence indicated that the victim was shot at a range of six to eight inches by a gun recovered at the scene, and that, because of a safety mechanism, the gun could not be discharged without pulling the trigger.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the defendant intended to cause the victim serious physical injury and caused his death (*see* Penal Law § 125.20 [1]; *People v Rochester*, 168 AD2d 519 [1990]).

Since the defendant did not request that the trial court charge manslaughter in the second degree as a lesser included offense, the court's failure to submit such offense to the jury for its consideration was not error (*see* CPL 300.50 [1]; *People v Butler*, 84 NY2d 627, 631 [1994]).

The court's instruction on consciousness of guilt was ade-

quate to caution the jury as to the potential weight to be given to such evidence, and that it could not serve as the sole basis for a finding of guilt (*see People v Robinson*, 10 AD3d 696 [2004]; *see also People v Leyra*, 1 NY2d 199, 209-211 [1956]).

The sentences imposed were not excessive (*see People v Suitte*, 90 AD2d 80, 86 [1982]). However, the court improperly directed that the term of imprisonment imposed on the conviction of criminal possession of a weapon in the third degree was to run consecutively to the terms of imprisonment imposed on the convictions of manslaughter in the first degree and criminal possession of a weapon in the second degree. Since all the crimes charged were committed through a single act, all of the terms of imprisonment that were imposed should run concurrently, and we modify the sentence accordingly (*see* Penal Law § 70.25 [2]; *People v Walsh*, 44 NY2d 631, 635 [1978]; *People v Tabb*, 208 AD2d 780, 781 [1994]).

The defendant's remaining contentions are without merit. Mastro, J.P., Fisher, Belen and Austin, JJ., concur.