The People of the State of New York, Respondent, v Efrain Rivera, Appellant. [912 NYS2d 476]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Roman, J.), imposed June 30, 2009, on the ground that the sentence was excessive.

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Berkowitz, J.), rendered April 2, 2009, convicting him of burglary in the third degree and criminal possession of stolen property in the fourth degree (11 counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review of the evidence pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant contends that because the People's case rested solely on the theory that he unlawfully entered a medical office with an intent to commit a crime therein, the trial court erred in charging the jury on the portion of Penal Law § 140.20 concerning the alternate theory of "remain[ing] unlawfully" in a building, and that the trial court's subsequent corrective measures were insufficient to cure the error. The defendant's argument regarding the adequacy of the trial court's subsequent withdrawal of the erroneous charge and reading of the corrected one is unpreserved for appellate review (*see People v Hicks*, 301 AD2d 538 [2003]). In any event, the trial court's corrective measures were sufficient to obviate any prejudice to the defendant (*see People v Agrelo-Travieso*, 257 AD2d 514 [1999]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Skelos, J.P., Covello, Balkin and Sgroi, JJ., concur.