THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT SWEENEY, Appellant. [922 NYS2d 802]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Loehr, J.), rendered April 13, 2009, convicting him of burglary in the first degree, attempted assault in the first degree, criminal mischief in the third degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support the jury verdict is not preserved for appellate review, as defense counsel only made a general motion for a trial order of dismissal based upon the People's alleged failure to make out a prima facie case (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-492 [2008]). In any event, the evidence was legally sufficient to support the convictions for burglary in the first degree (see People v Gilligan, 42 NY2d 969 [1977]; People v Ehikhamenor, 72 AD3d 700 [2010]; People v Liotta, 274 AD2d 751, 753 [2000]; People v Giannizzero, 209 AD2d 635, 636 [1994]), attempted assault in the first degree (see People v Andrews, 78 AD3d 1229, 1230-1231 [2010]; People v Malcolm, 74 AD3d 1483 [2010]), criminal mischief in the third degree (see People v Jackson, 134 AD2d 283, 284 [1987]), and criminal possession of a weapon in the fourth degree (see People v Smith, 16 AD3d 602 [2005]; People v Sullivan, 300 AD2d 689, 691 [2002]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 644-645 [2006]).

The defendant's contention regarding the County Court's instruction to the jury on the element of intent is unpreserved for appellate review (see CPL 470.05 [2]). In any event, contrary

to the defendant's contention, the court's instruction did not shift the burden of proof (*cf. Sandstrom v Montana*, 442 US 510, 515 [1979]; *People v Getch*, 50 NY2d 456, 465 [1980]).

To the extent that the defendant's claim of ineffective assistance of counsel involves matter dehors the record, it may not be reviewed on direct appeal (*see People v Bartlett*, 215 AD2d 489 [1995]; *People v Otero*, 201 AD2d 675, 675-676 [1994]). To the extent that the claim may be reviewed, defense counsel provided effective assistance (*see Strickland v Washington*, 466 US 668 [1984]; *People v Benevento*, 91 NY2d 708, 712-715 [1998]). The defendant failed to demonstrate the absence of strategic or other legitimate explanations for counsel's failure to request particular pretrial hearings (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Noll*, 24 AD3d 688, 688-689 [2005]). Furthermore, trial counsel's solitary misstatement as to the charges in the indictment during his opening statement did not deprive the defendant of meaningful representation (*see People v Fludd*, 173 AD2d 840 [1991]). Additionally, the manner in which defense counsel chose to attack the credibility of the complainant was "a reasonable and legitimate strategy under the circumstances and evidence presented" (*People v Benevento*, 91 NY2d at 713; *see People v Satterfield*, 66 NY2d 796, 798 [1985]; *People v Jackson*, 52 NY2d 1027 [1981]; *People v Miller*, 81 AD3d 854 [2011]). As "[t]here can be no denial of effective assistance of trial counsel arising from counsel's failure to make a motion or argument that has little or no chance of success" (*People v Caban*, 5 NY3d 143, 152 [2005] [internal quotation marks omitted]), the defendant was not deprived of the effective assistance of counsel by trial counsel's failure to object to the jury charge as given, or to move for a trial order of dismissal on the count of attempted assault in the first degree on the ground that serious physical injury had not been established.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention in his pro se supplemental brief is without merit. Angiolillo, J.P., Dickerson, Belen and Sgroi, JJ., concur.