■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY MORENCY, Appellant. [940 NYS2d 138]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered October 16, 2009, convicting him of manslaughter in the first degree, criminal possession of a weapon in the second degree, and endangering the welfare of a child (four counts), upon a jury verdict, and sentencing him to determinate terms of 15 years of imprisonment on the conviction of manslaughter in the first degree and 3½ years of imprisonment on the conviction of criminal possession of a weapon in the second degree, to run consecutively, and a definite term of one year of imprisonment on each of the convictions of endangering the welfare of a child, to run concurrently with each other and the other terms of imprisonment.

Ordered that the judgment is modified, on the law, by directing that the term of imprisonment imposed on the conviction of criminal possession of a weapon in the second degree shall run concurrently with the term of imprisonment imposed on the conviction of manslaughter in the first degree; as so modified, the judgment is affirmed.

The defendant was convicted of manslaughter in the first degree, criminal possession of a weapon in the second degree, and four counts of endangering the welfare of a child after shooting and fatally wounding the decedent. Both the decedent and the defendant suffered multiple gunshot wounds as a result of the incident. The defendant claimed that the shooting was justified because the decedent pulled out a gun on him, and that the decedent was accidentally shot during a struggle for the gun.

The defendant's contention that the People failed to present legally sufficient evidence to disprove the defense of justification in order to sustain his conviction of manslaughter in the first degree beyond a reasonable doubt is unpreserved for appellate review (*see generally Matter of Gilberto M.*, 89 AD3d 734 [2011]). In any event, this contention is without merit. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to disprove the defendant's justification defense and to establish the defendant's guilt of manslaughter in the first degree beyond a reasonable doubt.

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the

witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004], *cert denied* 542 US 946 [2004]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the testimony of the shooting reconstruction expert should have been precluded is unpreserved for appellate review (*see generally People v Lebron*, 87 AD3d 1162 [2011]). In any event, the contention is without merit. Generally, the admission of expert testimony is a matter within the sound discretion of the trial court (*see generally Jean-Louis v City of New York*, 86 AD3d 628 [2011]). The conclusions and opinions expressed by the shooting reconstruction expert were sufficiently based upon facts in the record and, therefore, were admissible (*see Brullo v Schiro*, 239 AD2d 309 [1997]). Any alleged weaknesses in the expert's testimony went to the credibility and weight of the evidence rather than to its admissibility (*see People v Garcia*, 299 AD2d 493 [2002]).

Similarly, the Supreme Court did not err in admitting a computer-generated animation of the decedent's shooting as demonstrative evidence to illustrate the expert's testimony. "It is for the trial court, in the exercise of its sound discretion, [and] based upon the nature of proof and the context in which it is offered, to determine whether the value of the evidence outweighs its potential for prejudice" (*People v Yates*, 290 AD2d 888, 889-890 [2002] [internal quotation marks omitted]). Contrary to the defendant's contention, the conditions present in the computer-generated animation were sufficiently similar to the conditions present at the time of the shooting (*cf. Kane v Triborough Bridge & Tunnel Auth.*, 8 AD3d 239 [2004]). In addition, the court minimized any potential prejudice by giving extensive jury instructions emphasizing that the animation was being admitted strictly for demonstrative purposes and that it had no bearing on the issue of the defendant's guilt or innocence (*id.*).

The defendant's contention that the Supreme Court coerced the jury to agree upon a particular verdict or upon a verdict in general is unpreserved for appellate review since the defendant failed to object or to request a supplemental instruction (*see People v Morales*, 36 AD3d 631 [2007]). In any event, the Supreme Court's remark that if the jury was not close to a verdict, it would adjourn the case until the following day did not constitute an attempt to coerce or compel the jury to agree upon a particular verdict, or any verdict (*see People v Sharff*, 38 NY2d 751 [1975]; *People v Davis*, 259 AD2d 627 [1999]).

However, the Supreme Court erred in directing that the term

of imprisonment imposed on the conviction for criminal possession of a weapon in the second degree run consecutively with the term of imprisonment imposed on the conviction of manslaughter in the first degree. The evidence adduced at trial, namely the defendant's statements to the police, demonstrated that the decedent was the initial aggressor since she pulled out the gun from beneath her bed. The parties struggled over the gun and both suffered gunshot wounds. Based on such evidence, the prosecution did not establish that the defendant possessed a dangerous instrument with a purpose unrelated to his intent to use it against the victim (*see* Penal Law § 70.25 [2]; *People v Hamilton*, 4 NY3d 654 [2005]; *People v Jackson*, 83 AD3d 962, 963 [2011]; *People v Poux*, 69 AD3d 766 [2010]; *People v Hernandez*, 46 AD3d 574, 576-577 [2007]). Therefore, the term of imprisonment imposed on the conviction of criminal possession of a weapon in the second degree must run concurrently with the sentence imposed on the conviction of manslaughter in the first degree. Angiolillo, J.P., Lott, Austin and Cohen, JJ., concur.