by the defend *754 ant from a judgment of the Supreme Court, Richmond County (Collini, J.), rendered April 6, 2011, convicting him of burglary in the first degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant failed to preserve for appellate review his claim that the evidence was legally insufficient to establish his guilt of burglary in the first degree (see CPL 470.05 [2]; Penal Law § 140.30 [1]; People v Hawkins, 11 NY3d 484, 492 [2008]; People v Sweeney, 84 AD3d 1123, 1123 [2011]). In any event, that claim is without merit (see People v Sweeney, 84 AD3d at 1123).
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5] ; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]; People v Hartman, 64 AD3d 1002 [2009]; People v Chowdhury, 22 AD3d 596, 597 [2005]; People v Stoby, 4 AD3d 766 [2004]; People v Kenward, 266 AD2d 155 [1999]).
The defendant’s contention regarding the court’s jury charge is not preserved for appellate review (see CPL 470.05 [2]; see People v Mestres, 41 AD3d 618, 618 [2007]; cf. People v Rivera, 78 AD3d 1203, 1203 [2010]), and we decline to review it in the exercise of our interest of justice jurisdiction (see CPL 470.15 [6] [a]; People v Mestres, 41 AD3d at 619; People v Curella, 296 AD2d 578, 578 [2002]).
Finally, counsel’s failure to preserve the claims relating to the legal sufficiency of the evidence and the jury instruction did not, under the circumstances of this case, deprive the defendant of the effective assistance of counsel (see People v Turner, 46 AD3d 847, 848 [2007]; cf. People v Turner, 5 NY3d 476, 480-481 [2005]; People v Alford, 33 AD3d 1014, 1016 [2006]). Balkin, J.P, Hall, Austin and Cohen, JJ., concur.