■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD TOWNSEND, Appellant. [983 NYS2d 721]—

Judgment, Supreme Court, New York County (Marcy L. Kahn, J.), rendered July 11, 2011, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to a term of 6½ years, unanimously affirmed.

The court properly exercised its discretion in limiting cross-examination of police witnesses concerning overtime pay and arrest quotas, allegedly demonstrating a motive to lie. Defense counsel was unable to articulate a good faith, nonspeculative basis for his questions (*see People v McKnight*, 144 AD2d 702 [2d Dept 1988], *lv denied* 73 NY2d 924 [1989]; *see also People v Torres*, 289 AD2d 136, 136 [1st Dept 2001], *lv denied* 97 NY2d 762 [2002]). To the extent that defendant is raising a constitutional claim, that claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits (*see Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]).

Defendant did not preserve his claim that, before accepting the verdict, the court should have conducted an inquiry into whether the jury rushed to reach a verdict to avoid having to return to court and resume deliberations several days later, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. There is no reason to believe that the jury's verdict, confirmed by polling, was coerced or tainted in any way (*see People v Marshall*, 106 AD3d 1, 10 [1st Dept 2013], *lv denied* 21 NY3d 1006 [2013]; *People v Morency*, 93 AD3d 736, 738 [2d Dept 2012], *lv denied* 20 NY3d 934 [2012]), and there was nothing to warrant a sua sponte inquiry. Concur—Friedman, J.P., Sweeny, Andrias, Gische and Clark, JJ.