# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1140

KA 15-01408

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, NEMOYER, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

KYLE HUNTER, DEFENDANT-APPELLANT.

---

DAVID P. ELKOVITCH, AUBURN, FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (BRIAN T. LEEDS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered May 14, 2015. The judgment convicted defendant, upon a jury verdict, of promoting prison contraband in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of promoting prison contraband in the first degree (Penal Law § 205.25 [2]). Contrary to defendant's contention, County Court properly refused to suppress the hand-made weapon removed from defendant's pocket during a pat frisk without conducting a hearing. Although defense counsel stated that he was unable to determine the reason defendant was searched from the information he had received from defendant, the former attorney and the People (*see generally People v Bryant*, 8 NY3d 530, 533-534), the record establishes that he was aware that a correction officer had observed defendant engage in what he considered to be suspicious behavior when defendant moved his right hand very slowly and put an item in his right front pocket while seated at a table in the dining hall. Defense counsel's assertion that a hearing was required to obtain more information regarding the basis for the search is not sufficient to establish defendant's entitlement to a hearing (*see generally People v Garay*, 25 NY3d 62, 72, *cert denied* ___ US ___, 136 S Ct 501).

We reject defendant's contention that he was denied his constitutional right to attend a sidebar conference during jury selection. The record establishes that the court and counsel discussed a ministerial matter regarding whether some of the venire could be released because 11 jurors had been selected, and thus defendant failed to establish that the conference was a material stage of the trial or that he otherwise had the right to be present because

he would have had " 'something valuable to contribute' " to that discussion (*People v Monroe*, 90 NY2d 982, 984).  By failing to object to the use of leg shackles during the trial after the court had reserved its decision on that part of defendant's omnibus motion until trial, defendant failed to preserve for our review his contention that his due process rights were violated by the use of leg shackles without sufficient explanation by the court on the record (*see People v Campbell*, 106 AD3d 1507, 1509, *lv denied* 21 NY3d 1002).  In any event, although the court erred in failing to articulate its reasons for requiring the use of leg shackles, the error is harmless (*see People v Clyde*, 18 NY3d 145, 153).

Defendant also failed to preserve for our review his contention that the court committed reversible error in providing a response to the inquiry of a juror during deliberations, out of the presence of the other jurors (*see* CPL 470.05 [2]).  In any event, we note that the court thereafter instructed the jury, in response to that question, that there was no evidence regarding what items an inmate was permitted to carry in his or her pocket and that the jury was required to consider only the evidence presented (*see generally People v Torres*, 125 AD3d 1481, 1483, *lv denied* 25 NY3d 1172).  Thus, any error is harmless inasmuch as the evidence of guilt is overwhelming, and there is no significant probability that defendant would have been acquitted if the court had responded differently to the juror's inquiry (*see generally People v Crimmins*, 36 NY2d 230, 241-242).

Defendant further contends that alleged errors on the part of the court denied him a fair trial.  Contrary to defendant's contention, the court did not err in giving an *Allen* charge over his objection under the circumstances presented here.  The jury had deliberated for five hours over a two-day period on the single count and, in response to the court's inquiry whether the jury was close to a verdict in an effort to determine what it would do about the jury's lunch break, the jury responded that it was not close to a verdict (*see generally People v Arguinzoni*, 48 AD3d 1239, 1241-1242, *lv denied* 10 NY3d 859).  Contrary to defendant's further contention, the court did not coerce a verdict when it advised the jury that it might be required to recess two hours early that day (*see People v Morency*, 93 AD3d 736, 738, *lv denied* 20 NY3d 934).  Defendant failed to preserve for our review his remaining two contentions regarding the court's alleged errors because he failed to object to the court's actions (*see* CPL 470.05 [2]) and, in any event, we conclude that those contentions also are without merit.

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court