People v Drake (2021 NY Slip Op 06185)





People v Drake


2021 NY Slip Op 06185


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2019-01984

[*1]The People of the State of New York, respondent,
v
William Drake, appellant. (S.C.I. No. 265/18)


Carol Kahn, New York, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered January 7, 2019, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his waiver of the right to appeal was invalid because it was initiated by the County Court rather than the prosecutor is unsupported by the record (see generally People v Banks, 244 AD2d 560, 560).
As correctly acknowledged by the People, the defendant's argument that his plea of guilty was not knowing, voluntary, and intelligent because he was misadvised by the County Court as to the maximum sentence exposure he faced if convicted after trial, survives his valid waiver of the right to appeal and is reviewable, despite his failure to seek to withdraw the plea before sentencing (see People v Keller, 168 AD3d 1098, 1099). In this case, considering the totality of the circumstances surrounding the defendant's plea of guilty, including that he agreed to plead guilty before the court misstated the maximum sentence he could face if convicted after trial, indicating that the defendant did not rely on the misstatement in deciding to plead guilty, the defendant's experience with the criminal justice system, and the advantageous plea bargain that he received, we conclude that the plea of guilty was knowing, voluntary, and intelligent (see People v Principato, 194 AD3d 851; People v Amico, 191 AD3d 797, 798).
By pleading guilty, the defendant forfeited review of any claim of ineffective assistance of counsel that did not directly involve the plea negotiation process (see People v Brown, 170 AD3d 878, 879; People v Fakhoury, 103 AD3d 664). Moreover, the defendant's valid waiver of his right to appeal precludes review of his claim of ineffective assistance of counsel, except to the extent that the alleged ineffective assistance may have affected the voluntariness of his plea (see People v Brown, 170 AD3d at 879; People v Perez, 51 AD3d 1043). To the extent that the defendant contends that the ineffective assistance of counsel affected the voluntariness of his plea, the record demonstrates that he received an advantageous plea, and nothing in the record casts doubt on the effectiveness of counsel (see People v Rodriguez, 194 AD3d 1078; People v Brown, 170 AD3d at [*2]879).
The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d 248, 255; People v Nivol, 187 AD3d 1059, 1060; People v Marchetti, 185 AD3d 839, 840).
DILLON, J.P., IANNACCI, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court